IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ERICA DUBOIS of the Town of Bradford, State of Maine and WARREN STEWARD as Guardian, Parent and Next Friend of JORDAN R. STEWARD, a disabled person<br><br>      Plaintiffs<br><br>V.<br><br>CITY OF BANGOR, MAINE<br><br>and<br><br>BANGOR, MAINE POLICE DEPARTMENT<br><br>and<br><br>OFFICER KEITH LARBY<br>Bangor, Maine Police Department<br><br>      Defendants | CIVIL ACTION NO.<br>1:16-cv-00267 DBH<br><br>**FIRST AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiffs Erica Dubois and Warren Steward as Guardian, Parent and Next Friend of Jordan R. Steward, a disabled person, by and through their undersigned attorneys, hereby files suit against the above-captioned Defendants, and in support thereof, states as follows.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action against the Defendants pursuant to 42 U.S.C. §1983 as well as 28 U.S.C. § 1331. This Court has jurisdiction over the pendant state law

tort claims pursuant to 28 U.S.C. §1367(a).

2. Venue is properly vested in this Court because Plaintiffs and Defendants are residents of this District and the acts complained of occurred within the jurisdiction of this District (specifically, Penobscot County, Maine).

## PARTIES

3. Plaintiff Erica Dubois is an individual and a resident of this District.

4. Plaintiff Warren Steward is the Guardian, Parent and Next Friend of Jordan R. Steward, a disabled person, by virtue of Orders of the Penobscot County (Maine) Probate Court.

5. Defendant City of Bangor, Maine is a city situated in the State of Maine, organized as such under the laws of the State. At all relevant times hereto, the said City of Bangor, Maine acted by and through its agents, servants and/or employees. It is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the Bangor, Maine Police Department, through its various agencies, agents, departments, representatives, officials, and/or employees.

6. Defendant Bangor, Maine Police Department is a police department in the State of Maine, duly organized as such under the laws of the State. At all relevant times hereto, the said Defendant Bangor, Maine Police Department acted by and through its agents, servants and/or employees. It is responsible for the policies, procedures, practices and customs created, promulgated, implemented and enforced at the Bangor, Maine Police Department, through its various agencies, agents, departments, representatives, officials, and/or employees.

7. Upon information and belief, Defendant Officer Keith Larby is and was at times relevant

an officer employed by the Bangor Police Department. Defendant Larby is sued here individually and in his capacity as an officer of the Bangor Police Department.

## FACTUAL BACKGROUND

8. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

9. On December 10, 2015, Plaintiff Dubois and Jordan Steward were passengers, together with another passenger, in a motor vehicle operated by non-party James Cook.

10. At approximately 10:30 p.m. on that date, the Cook-operated vehicle crashed after being engaged in a high-speed chase with a Bangor Police Department vehicle operated by Defendant Larby.

11. Defendant Larby had initiated and maintained the high-speed pursuit after Cook had failed to stop due to an alleged equipment violation.

12. Defendant Larby had pursued the high-speed chase along a dangerous road in a residential area, despite dark, foggy and wet-road conditions.

13. The conduct of Defendant Larby violated extant and governing policies and rules which prohibited the initiation and maintaining of a high-speed pursuit in circumstances such as those in this case.

14. As set forth above and herein, the conduct of Defendant Larby was negligent in the operation of his vehicle, in violation of due care owed to Plaintiff Dubois, Jordan Steward and others.

15. At all times relevant, Plaintiff Dubois and Jordan Steward conducted themselves with due care.

16. As set forth above and herein, the conduct of Defendant Larby violated Plaintiff Dubois' and Jordan Steward's constitutional rights as guaranteed by the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

17. At all times relevant hereto, Defendant Larby acted under the color and guise of state and local laws.

18. The conduct of Defendant Larby as set forth above and herein, acting under the color and guise of state and local law, was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, and life of Plaintiff Dubois, of Jordan Steward and of others, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff Dubois, to Jordan Steward and to others, and was so egregious as to shock the conscience.

19. As a direct and proximate result of Defendant Larby's conduct, as described above and herein, Plaintiff Dubois and Jordan Steward were caused to suffer grievous physical injuries.

## COUNT I
## VIOLATION OF PLAINTIFF DUBOIS' AND JORDAN STEWARD'S CIVIL RIGHTS
## (VIOLATION OF 42 U.S.C. SECTION 1983)

20. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

21. By reason of the foregoing, Defendant Larby has violated the civil rights of Plaintiff Dubois and of Jordan Steward.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Larby for compensatory

damages, for their attorney¢s fees and costs far in excess of the minimum jurisdictional threshold of this Court and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE

22. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

23. Defendant Larby at all times relevant owed a duty of due care to Plaintiff Dubois, to Jordan Steward and to others including, without limitation upon the generality of the foregoing, not to initiate and pursue a dangerous high-speed chase for an alleged equipment violation.

24. Defendant Larby breached his duty of due care owed to Plaintiff Dubois and to Jordan Steward.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Larby, for compensatory damages, for their attorney¢s fees and costs far in excess of the minimum jurisdictional threshold of this Court and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

## COUNT III
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS/NEGLIGENCE

25. Plaintiffs incorporate by reference all of the above paragraphs as if set forth fully herein.

26. The violations of Plaintiff Dubois¢ and Jordan Steward¢s substantive constitutional rights and/or the negligence of Defendant Larby, and Plaintiff Dubois¢ and Jordan Steward¢s resulting catastrophic injuries, were caused, in whole or part, by Defendants¢ Bangor and

   Bangor Police Department's failure(s) to properly supervise, educate, instruct, train, educate and/or control their personnel in general, as well as in the following specific respect, failing to adequately supervise, instruct, train, educate and/or control their officers in regard to the appropriateness of high-speed pursuits and when and under circumstances and by what means and limitations such high-speed pursuits may legally proceed.

27. The above-referenced failures of Defendants Bangor and Bangor Police Department directly and proximately led to the injuries and suffering of Plaintiff Dubois and Jordan Steward.

  **WHEREFORE**, Plaintiffs demand judgment against Defendants Bangor and Bangor Police Department, jointly and severally, for compensatory damages, for their attorney's fees and costs far in excess of the minimum jurisdictional threshold of this Court and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

### COUNT IV
### RESPONDEAT SUPERIOR
### AND VICARIOUS LIABILITY

28. Plaintiffs incorporate by reference the above referenced paragraphs as if set forth fully herein.

29. In committing the actions and/or omissions described above and herein, Defendant Larby was acting, at all relevant times, within the course and scope of his employment for Defendants Bangor and Bangor Police Department.

30. The said Defendants City of Bangor and Bangor Police Department are liable as principals

for all torts committed by their respective agents and/or employees upon Plaintiff Dubois and Jordan Steward.

**WHEREFORE**, Plaintiffs demand judgment against Defendants City of Bangor and Bangor Police Department jointly and severally, for compensatory damages, for their attorney's fees and costs far in excess of the minimum jurisdictional threshold of this Court and such other relief as this Court deems just and for a trial by jury on all issues so triable as a matter of right.

Dated at Lewiston, Maine this 12th day of September, 2016.

/s/David Van Dyke, Esq.
Lynch & Van Dyke, P. A.
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com

*Attorney for Plaintiffs Erica Dubois and Warren Steward as Guardian, Parent and Next Friend of Jordan R. Steward, a disabled person*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

I hereby certify that on September 12, 2016, I electronically filed

**FIRST AMENDED COMPLAINT / JURY TRIAL DEMANDED**

with the Clerk of Court using the DM/ECF system which will send notification of such filing

to

Frederick F. Costlow, Esq.
Richardson Whitman Large & Badger
P. O. Box 2429
Bangor, ME  04402-2429.

s/David Van Dyke, Esq.
Lynch & Van Dyke, P.A.
261 Ash Street - P.O. Box 116
Lewiston, Maine 04243-0116
Tel. 207-786-6641
dvandyke@hlrvd.com