UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERICA DUBOIS and WARREN STEWARD, )<br>as Guardian, Parent and Next Friend of )<br>JORDAN R. STEWARD, a disabled person )<br> )<br>    Plaintiff )<br>v. )<br> )<br>CITY OF BANGOR, MAINE, )<br>et al, )<br> )<br>    Defendants ) | Case No. 1:16-CV-00267-DBH |

**DEFENDANTS CITY OF BANGOR, MAINE, BANGOR MAINE POLICE DEPARTMENT AND OFFICER KEITH LARBY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Defendants City of Bangor, Maine, Bangor Maine Police Department, and Officer Keith Larby (hereinafter collectively referred to as "the Bangor Defendants"), by and through counsel, Richardson, Whitman, Large & Badger, and answer Plaintiffs' First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 calls for a legal conclusion and thus no response is required. To the extent a response is required, the Bangor Defendants deny the allegations contained in Paragraph 1 of the Plaintiffs' First Amended Complaint.

2. Paragraph 2 calls for a legal conclusion and thus no response is required. To the extent a response is required, the Bangor Defendants deny the allegations contained in Paragraph 2 of the Plaintiffs' First Amended Complaint.

## PARTIES

3. The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Plaintiffs' First Amended Complaint and therefore deny the same.

4. The Bangor Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiffs' First Amended Complaint and therefore deny the same.

5. Bangor Defendants admit in part and deny in part. The term "responsible" calls for a legal conclusion and is vague and therefore denied.

6. Bangor Defendants admit in part and deny in part. The term "responsible" calls for a legal conclusion and is vague and therefore denied.

7. The Bangor Defendants admit the allegations contained in Paragraph 7 of the Plaintiffs' First Amended Complaint.

## FACTUAL BACKGROUND

8. The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 7 above as if fully set forth herein.

9. The Bangor Defendants admit the allegations contained in Paragraph 9 of the Plaintiffs' First Amended Complaint.

10. The Bangor Defendants admit Cook crashed, but deny there was a high-speed chase.

11. The Bangor Defendants deny the allegations contained in Paragraph 11 of the Plaintiffs' First Amended Complaint.

12. The Bangor Defendants deny the allegations contained in Paragraph 12 of the Plaintiffs' First Amended Complaint.

13. The Bangor Defendants deny the allegations contained in Paragraph 13 of the Plaintiffs' First Amended Complaint.

14. The Bangor Defendants deny the allegations contained in Paragraph 14 of the Plaintiffs' First Amended Complaint.

15. The Bangor Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint.

16. The Bangor Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint.

17. Paragraph 17 calls for a legal conclusion and thus no response is required. To the extent a response is required, the Bangor Defendants deny the allegations contained in Paragraph 17 of the Plaintiffs' First Amended Complaint.

18. The Bangor Defendants deny the allegations contained in Paragraph 18 of the Plaintiffs' First Amended Complaint.

19. The Bangor Defendants deny the allegations contained in Paragraph 19 of the Plaintiffs' First Amended Complaint.

## COUNT I – VIOLATION OF PLAINTIFF DUBOIS' AND JORDAN STEWARD'S CIVIL RIGHTS
## (VIOLATION OF 42 U.S.C. SECTION 1983)

20. The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 19 above as if fully set forth herein.

21. The Bangor Defendants deny the allegations contained in Paragraph 20 of the Plaintiffs' First Amended Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiffs' First Amended Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT II
## NEGLIGENCE

22. The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 21 above as if fully set forth herein.

23. Paragraph 23 calls for a legal conclusion and thus no response is required. To the extent a response is required, the Bangor Defendants deny the allegations contained in Paragraph 23 of the Plaintiffs' First Amended Complaint.

24. The Bangor Defendants deny the allegations contained in Paragraph 24 of the Plaintiffs' First Amended Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiffs' First Amended Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT III
## FAILURE TO TRAIN AND SUPERVISE PERSONNEL
## VIOLATION OF CIVIL RIGHTS

25. The Bangor Defendants repeat and reallege their responses to Paragraphs 1 through 24 above as if fully set forth herein.

26. The Bangor Defendants deny the allegations contained in Paragraph 26 of the Plaintiffs' First Amended Complaint.

27. The Bangor Defendants deny the allegations contained in Paragraph 27 of the Plaintiffs' First Amended Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiffs' First Amended Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

## COUNT IV
## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

28. The Bangor Defendants repeat and realleges their responses to Paragraphs 1 through 27 above as if fully set forth herein.

29. The Bangor Defendants admit at the time Defendant Larby was acting within the course and scope of his employment. The Bangor Defendants deny the remaining allegations contained in Paragraph 29 of the Plaintiffs' First Amended Complaint.

30. The Bangor Defendants deny the allegations contained in Paragraph 30 of the Plaintiffs' First Amended Complaint.

**WHEREFORE**, the Bangor Defendants pray for a dismissal of Plaintiffs' First Amended Complaint and for their costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' First Amended Complaint fails to state a claim against each of the Bangor Defendants upon which relief may be granted.

2. Each of the Bangor Defendants is entitled to absolute immunity from suit, which bars Plaintiffs' claims.

3. Each of the Bangor Defendants is entitled to qualified immunity from suit, which bars Plaintiffs' claims.

4. The Bangor Defendants were at all times acting in good faith.

5. Plaintiffs failed to comply with the applicable notice provisions under state law and therefore her claims are barred.

6. The negligence of the Plaintiffs is equal to or greater than any fault on the part of the Defendants and therefore, bars Plaintiffs' claims.

7. The acts or omissions of third persons over whom Defendant had neither control nor responsibility caused in whole or in part any damages suffered by the Plaintiffs.

8. Any action by Defendant was not a proximate cause of any of Plaintiffs' claims for damages.

9. Plaintiffs' alleged harm was caused by an intervening and superseding cause and/or by the sole negligence of other persons.

10. Any harm to Plaintiffs was the result of a pre-existing condition.

DATED at Bangor, Maine this 22nd day of September, 2016.

/s/ Frederick F. Costlow, Esq.
_____
Frederick F. Costlow, Esq.
Heidi J. Hart, Esq.
Attorneys for Bangor Defendants

**RICHARDSON, WHITMAN, LARGE & BADGER**
One Merchants Plaza, Suite 603
P. O. Box 2429
Bangor, ME  04402-2429
(207) 945-5900

## CERTIFICATE OF SERVICE

I, Frederick F. Costlow, Esq., of Richardson, Whitman, Large & Badger, attorney for the Bangor Defendants, hereby certify that on September 22, 2016, I electronically filed the foregoing *Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint* with the Court via the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record in the above-captioned matter.

/s/ Frederick F. Costlow
Frederick F. Costlow, Esq.
Richardson, Whitman, Large & Badger